## JULIUS SCHUTZE v. JULIA VON BOECKMANN.

Decided November 29, 1899.

**1. Compromise—Offer to Purchase Peace.**

A finding for defendant, who denied making the contract upon which plaintiff sought recovery, will be sustained, although defendant, before suit, had tendered in settlement half the sum claimed.

**2. Suit on Written Contract—Sworn Answer.**

Where the entry on a justice's docket and the citation to defendant described the suit as an action on account, no sworn plea attacking consideration, as in a suit on a written instrument, was necessary, though a written contract was filed with the justice along with plaintiff's account.

APPEAL from the County Court of Travis. Tried below before Hon. A. S. WALKER.

*John Dowell,* for appellant.

*William Von Rosenberg,* for appellee.

KEY, ASSOCIATE JUSTICE.—This suit originated in a justice of the peace court, but was appealed to the County Court. In the latter court judgment was rendered for the plaintiff for only $2.60, and he has appealed.

The plaintiff, while acting as secretary of a subordinate lodge of the Supreme Council of American Legion of Honor, attended to making proofs of death and other matters necessary to collect a $5000 policy issued upon the life of Carl Von Boeckmann, and owing to the defendant, Julia Von Boeckmann. He claimed and testified that Mrs. Von Boeckmann entered into a verbal contract by which she promised to pay him $100 for performing the acts referred to, and he claimed $2.60 to cover several items of incidental expense.

Mrs. Von Boeckmann admitted her liability for the $2.60, which she tendered in court, entered a general denial as to the balance of the claim, and testified that she made no agreement with the plaintiff to pay him any sum for collecting the insurance.

Her testimony was in direct conflict with the plaintiff's, and the trial court being the judge of the credibility of the witnesses, and having decided the matter in her favor, of course this court will not disturb that finding, notwithstanding the fact that before the suit was brought the defendant offered to pay the plaintiff $50. She might have been willing to pay that much to purchase peace and avoid litigation, and the offer made did not necessarily amount to an admission of liability. Besides, the testimony of R. Von Boeckmann, in which he stated that, in a conversation about the collection of the insurance referred to, the plaintiff told him that he did not expect the defendant to pay him anything, tends to corroborate the defendant's evidence.

The point is made that the suit was founded upon a written obligation, and as the defendant filed no plea charging fraud, mistake, or failure of consideration, he was entitled to judgment upon said written obligation. The plaintiff filed with the justice of the peace a draft for $100 in his favor on the State National Bank of Austin, Texas, and signed by the defendant; but he also filed an itemized account for $102.60. The justice of the peace made an entry on his docket, "Suit upon account for $102.60," and the citation issued by him describes the plaintiff's demand as follows: "An action of debt on an account for $102.60/100, being for professional services as an attorney and counsellor at law, rendered by said Schutze at the special instance and request of said Boeckmann in the collection of $5000 from Supreme Council of American Legion of Honor from 12th August, 1897, to December 28th, 1897, which said Boeckmann promised and agreed to pay, and for money expended in her behalf, which she also promised to pay, a true and correct account of which is on file in my office."

: We are of the opinion that the plaintiff's suit was based upon an open account. He filed the account with the justice of the peace, and it is to be presumed that the entries on the docket and the citation that was issued to the defendant were made and issued in conformity with his instructions or desires. This being the nature of the suit, the testimony offered by the defendant was admissible.

We have considered all the assignments of error, and finding no grounds for reversal, the judgment will be affirmed.

*Affirmed.*